[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This court case was held on May 9 and 10, 2000. The court finds the following facts. On April 1, 1997 the plaintiff was operating a motor CT Page 5869 vehicle in a southerly direction on Reed Avenue, at or near its intersection with Dexter Avenue in the town of West Hartford. Defendant Frank Kimber, an employee of defendant Town of West Hartford, was plowing snow with a six-wheeler mack truck directly in front of the plaintiff. When Kimber reached the intersection he dropped the snow from the plow just beyond the intersection and backed up in slow reverse approximately 3 or 4 feet. When he backed up he bumped into the front of the plaintiff's vehicle which was stopped directly behind him. The plaintiff claims the defendant was negligent when he backed up the truck and has claimed injuries as a result.
After hearing all the evidence the court finds that the plaintiff and defendant Kimber were equally at fault. The court finds that the defendant was negligent in that he failed to slow down or stop the truck in time to avoid the collision. He claimed that there was a blind spot and that he could not see the plaintiff's vehicle. If there was a blind spot, he should not have attempted to back the vehicle when it was not reasonably safe to do so. On the other hand, the court finds that the plaintiff herself was negligent in that she failed to maintain control of her vehicle and failed to remain aware of her surroundings. The truck had a sign on the back of the truck saying "keep back." Also the truck beeped continuously while it was backing up. Furthermore it contained flashing lights to warn cars in back of it. The plaintiff had sufficient warning so that she should have stayed a reasonable distance away. She claimed at trial that she could not remember whether the truck had a backup alarm or a beeper or flashing lights. This claimed lack of memory brings her credibility into question. However, if she did not see or hear these warnings, then she was negligent for failing to pay attention to her surroundings.
As to the plaintiff's claim for damages the court notes the following.
First, she had had two prior accidents. The first accident was in 1990 in which she claimed she had hurt her lower back. The second accident was in 1995 in which she claimed she hurt her lower back. Yet she failed to tell either Dr. Calderon or the St. Francis Hospital when she went to them for treatment. Dr. Calderon's report (Ex. 4) states: "Her past medical history is unremarkable . . . this woman was in her usual state of health until April 1, 1997 when she had the onset of pain in her lower back and left lower extremity after a motor vehicle accident." The St. Francis report states: "Past medical history entirely negative." (Ex. 6) These two reports again bring the plaintiff's credibility into question since she apparently failed to notify those health care providers of her prior accidents.
Second, Dr. Wellner ascribed to the 1990 accident a 5% disability CT Page 5870 rating. He ascribed to the March 22, 1995 an additional 1% disability rating. In this 1997 accident he has ascribed an additional 4% disability rating. These ratings appeared to be based on subjective complaints rather than objective findings.
Third, in regard to the plaintiff's claim of the disc injury, the court does not believe she has proved that the disc problem is a proximate cause of the 1997 accident, especially since she had two prior accidents. The disc bulge could have developed prior to 1997 subsequent to the 1995 accident. In any event Dr. Calderon's report states that two CAT scans of the lumbar spine showed a mild progression of a lumbosacral disc bulge "but it does not appear to be clinically significant at this time." (Ex. 4)
Fourth, the court notes that in his report dated April 21, 1997 Dr. Wellner found on April 1, 1997 the date of the 1997 accident the following: "Range of motion of the neck and low back including anterior flexion, lateral flexion and extension were reduced to approximately 80% of capacity." (Ex. 3). Yet in his May 8, 1995 report concerning the March 22, 1995 accident Dr. Wellner states: "Ms. Brown's past medical history is significant for previous trauma to her low back area as the result of a motor vehicle accident which occurred in 1990. Ms. Brown has not completely recovered from that event . . . Anterior flexion, lateral flexion, as well as extension of the low back was down to approximately 75% of capacity." (Ex. A). Thus, according to Dr. Wellner's reports her low back area was worse in 1995 than it was in 1997.
After taking into consideration the testimony and exhibits, the court finds the plaintiff is entitled to the sum of $3,000.00 for pain and suffering as a result of this accident. However, the court cannot calculate a permanent disability as a proximate result of this 1997 accident. Nor has the plaintiff proved what if any lost wages she incurred.
Accordingly, judgment may enter as follows:
1. Economic damages $4,476.00
 2. Noneconomic damages 3,000.00
$7,476.00
Less 50% of plaintiff's negligence $3,738.00
VERDICT $3,738.00
Allen CT Page 5871 Judge Trial Referee